UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,

    -against-

DARON GOODMAN, JAMARR SIMMONS,
WILLIE EVANS, ALBERT SHOULDERS,
JOSE RODRIGUEZ, SYLVESTER WINT,
MARKELL BOBIAN, TYRONE ERVIN,
SEAN GAMBRELL, JERLAINE JENKINS,
MARKQUEL SIMMONS, ROBERT BALEY,
QUAVEON ROSS, MARCUS AYALA, et al.,

                              Defendants.

------------------------------------x

ORDER

20 Crim. 57 (GBD)

GEORGE B. DANIELS, District Judge:

    This Court authorizes the purchase of a laptop with Criminal Justice Act ("CJA") funds in order for defendants to review the discovery materials produced by the Government in this action, and to have it delivered to the Metropolitan Detention Center ("MDC"), (ECF No. 332), under the terms ordered below. Any co-defendant in this action who is detained at the MDC may access the laptop under the following terms:

1. To facilitate review of the Government's discovery in this case, the MDC is to permit any Defendant charged under Docket 20 Crim. 57 to utilize an Internet-disabled laptop preloaded with discovery. The Office of the United States Attorney in this District is to comply with its obligations as may be established by such protocols, including uploading its discovery in this case to an Internet-disabled laptop and providing same to the MDC for all Defendants' use. The MDC and the prosecutors are to comply with this Order as expeditiously as possible.

2. The Case Budget Attorney and Assistant U.S. Attorney are authorized to procure with CJA funds, a laptop computer[1] and any subsequent external hard drives that may be required to provide the defendants with access to the discovery (collectively, the "Electronic Device") for purposes of the discovery review. The Government shall review the Electronic Device and confirm that the wireless and printing capabilities are disabled in a manner acceptable to the MDC. The Government shall load on to the Electronic Device such software as the Defendants will need to review the discovery. The Government shall set a password protected administrative account on the Electronic Device that is separate from the defendant's password protected user account to prevent any user from making changes to the Electronic Device.

3. The Electronic Device will be clearly marked with the names and ID numbers and Marshal's registration numbers of the Defendants who have been assigned to utilize that particular Electronic Device.

4. The Government shall save the discovery onto the Electronic Device as well as on subsequent external hard drives that may be required to provide the Defendants with access to the discovery.

5. The Government shall confirm that the discovery is viewable on the Electronic Device (for example, that the audio recordings and video play on the Electronic Device) prior to sending it to the MDC.

6. Within 30 days of receipt of the Electronic Device, the Government shall send the Electronic Device to an Officer designated by the MDC to receive the electronic device.

---

[1] Counsel shall consult Case Budget Attorney, Alan Nelson, to determine the model of laptop computer that is acceptable to the MDC.

The designated Officer shall keep the Electronic Device and charging wire in his or her office.

7. The Defendants can access the Electronic Device for review on a temporary basis and at times approved by prison personnel. This review must take place in the Defendant's unit or a location where to the extent possible each Defendant is not in the presence of any other inmates. Because of the volume of discovery, Defendants should be afforded the ability to review it for several hours each day to the extent consistent with the conduct of the facility in which the Defendants are lodged.

8. The Defendants are prohibited from copying any information from the discovery.

9. Once finished reviewing the discovery for any given day, the Defendant shall return the Electronic Device to the designated Officer.

10. The Defendants are strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Device. It is the intent of this Order that only Defendants assigned to a particular Electronic Device (and their counsel and any other members of the legal defense team, including investigators. Paralegals, and support staff, as needed to confer with the Defendant) will have access to the discovery materials on the Electronic Device.

11. This Court will revisit this Order and any Defendant's access to the Electronic Device if it appears that any Defendant is not abiding by this Order.

IT IS FURTHER ORDERED that no later than the conclusion of the proceedings against the Defendants in the district court, whether through dismissal of the charges against a Defendant or the sentencing of a Defendant, the Electronic Device shall be returned to the Administrative Office of the U.S. Courts if it was purchased with CJA funds.

Dated: October OCT 26 2021
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE